# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID C. STAVROPOULOS, et al.,

      Plaintiffs,

v.                      Case No. 15-cv-811

SCOTT PATTON, et al.,

      Defendants.

## ORDER

Plaintiffs David C. Stavropoulos and 5C Trading, LLC, brought this lawsuit against defendants Scott Patton and Techworld, Inc., alleging defamation arising out of statements made on the Ripoff Report website. The parties consented to the jurisdiction of this court pursuant to 28 U.S.C. §636(c). (ECF Nos. 12, 13.) Defendants have moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. (ECF No. 9.) The motion is fully briefed and ready for resolution.

### FACTS

The following facts are taken from the complaint and the attachments thereto. They are accepted as true for purposes of considering the complaint's sufficiency. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff David Stavropoulos is the sole manager of plaintiff 5C trading, LLC, which distributes and sells electronic, computer, and industrial equipment, and their respective component parts. (ECF No. 1, ¶¶ 1-2.) Defendant Scott Patton is the president of defendant Techworld, Inc., which distributes computers and electronic items, and their respective parts. (ECF. No. 1, ¶ 3.)

On or about November 12, 2013, Patton and Techworld published on a website called Ripoff Report the following statements:

> David C. Stavropoulos 5C Trading Grand Larceny $13,500 Lake Geneva Wisconsin — On 8/15/13 Dave Stavropoulos signed an agreement to supply us with 2080 17" LCDs for $7 each. I wired him $14,560 when he told me they were packed and ready to ship then he completely disappeared with my money and will not return calls, texts or emails. I am in the process of filing a grand larceny complaint with the Lake Geneva Police department.

(ECF No. 1, ¶ 8.)

On December 2, 2013, Patton and Techworld published on the Ripoff Report website that Stavropoulos

> [d]id ultimately provided [sic] a portion of the LCDs he contracted himself to provide. However, to date he has not provided 1050 LCDs that were paid for several months ago. Also, of the approximately 1050 LCDs that he did provide, many were misrepresented in size and condition making many of them worthless.
>
> This report has been generated and revised out of a motive to protect my fellow man from being taken advantage of the same way I have.

(ECF No. 1, ¶ 10.)

According to Stavropoulos and 5C, both statements are false. (ECF No. 1, ¶ 11.) They maintain that they performed all services as requested by Patton and Techworld. (ECF No. 1, ¶ 11(A).) They also assert that at all times they remained in contact with Patton and Techworld regarding their order. (ECF No. 1, ¶ 11(A).) Stavropoulos and 5C further contend that they did not ship any damaged or non-conforming goods, nor did they make any misrepresentations as to the size, condition, or quality of the goods shipped to Patton and Techworld. (ECF No. 1, ¶ 11(C).)

The complaint contains one cause of action, for defamation. It alleges that Patton and Techworld made statements that are false and defamatory per se because the statements impute criminal wrongdoing to Stavropoulos and 5C and a "want of integrity in their business." (ECF No. 1, ¶ 13.) They allege that Patton and Techworld were negligent for publishing the statements (ECF No. 1, ¶ 14) and either knew that the statements were false or recklessly disregarded the truth (ECF No. 1, ¶ 15). Finally, they allege that the publication of the statements was willful, wanton, and injured Stavropoulos's and 5C's reputations. (ECF No. 1, ¶ 16.)

## LEGAL STANDARD

When a complaint "fail[s] to state a claim upon which relief can be granted," a defendant may move to dismiss it. Fed. R. Civ. P. 12(b)(6). A motion to dismiss challenges not the merits of the suit but the sufficiency of the complaint. *Five Star Airport Alliance, Inc. v. Milwaukee Cnty.*, 939 F. Supp. 2d 936, 937 (E.D. Wis. 2013) (citing

3
Case 2:15-cv-00811-WED    Filed 11/04/15    Page 3 of 8    Document 22

*Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). To avoid dismissal, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Plausibility requires the plaintiff to give the court "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The court is not concerned with whether the events alleged *did* happen but rather with whether they *could* have happened. *Id.*

## ANALYSIS

Under Wisconsin common law, a claim for defamatory communication must sufficiently allege that the defendant made "(1) a false statement, (2) communicated by speech, conduct, or in writing to a person other than the person defamed, and (3) the communication is unprivileged and is defamatory…." *Terry v. Journal Broadcast Corp.*, 2013 WI App 130, ¶ 14, 351 Wis. 2d 479, 840 N.W.2d 255 (quoting *Mach v. Allison*, 2003 WI App 11, ¶ 12, 259 Wis. 2d 686, 656 N.W.2d 766). Only the third element is at issue here.

Defamatory means that the statement "tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her." *Id.*, ¶ 19 (quoting *Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997)). In assessing whether a statement is defamatory, words are viewed in their plain and popular sense, and in the context in which the statement was made. *Id*. "A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." *Id.*, ¶ 14 (citing the RESTATEMENT (SECOND) OF TORTS § 566).

In moving to dismiss the complaint, Patton and Techworld argue that the statements on the Ripoff website are incapable of a defamatory meaning because they are statements of opinion. (ECF No. 10 at 5-8.) They reason that, although the November 12th statement refers to "grand larceny," the entire statement plainly references "a business transaction by which Defendants felt slighted." (ECF No. 10 at 6.) Thus, "a reasonable person would not consider the alleged November 12/December 2 statements defamatory." (ECF No. 10 at 6.)

Stavropoulos and 5C respond that the Ripoff statements are not opinion but refer to facts that are objectively verifiable. Specifically, they argue that the statements charged them with taking the defendants' money and "disappearing" (*i.e.*, ignoring efforts to contact them); not providing the merchandise for which the plaintiffs' paid;

5

and committing grand larceny. They aver that "[t]hese are not statements of opinion, they are false statements of fact that can be proven to be true or false and support an action for defamation." (ECF No. 18 at 7.)

In reply, Patton and Techworld claim that, even if the statements fall within the definition of defamatory, they are "conditionally privileged because they were made to an agency dedicated to protecting consumers." (ECF No. 20 at 4.) They argue that the public has "an interest in avoiding business practices considered displeasing and RipoffReprt [sic] has a common interest with Defendants in that its avowed purpose is to educate the public about the same." (ECF No. 20 at 4.)

In accepting the allegations in the complaint as true, the court finds that the statements at issue contain all of the elements of a defamatory communication. According to the complaint, the statements are false, they were clearly communicated to persons other than the person defamed, and they tend to harm Stavropoulos's and 5C's reputation. (ECF No. 1, ¶¶ 9, 10, 16.) The statements were tendered as fact, which are provable as true or false. *See Briggs & Stratton Corp. v. Nat'l Catholic Reporter Pub. Co.*, 978 F. Supp. 1195, 1198 (E.D. Wis. 1997) (interpreting Wisconsin law). Stavropoulos and 5C either produced the bargained-for merchandise or they didn't; they either remained in contact with the defendants or they didn't. The statements were not, as the defendants suggest, unverifiable opinion.

6

Case 2:15-cv-00811-WED   Filed 11/04/15   Page 6 of 8   Document 22

Nor are the statements privileged. The Ripoff Report is not an administrative agency as was the case in *Schier v. Denny*, 12 Wis. 2d 544, 547-58, 107 N.W.2d 611, 613-614 (1961), or the Better Business Bureau, as was the case in *Jobe v. A Complete Spa & Pool Supply Ctr., Inc.*, No. 00-1105, 2000 WL 1877741, at *6 (Wis. Ct. App. Dec. 28, 2000) (unpublished), two cases relied upon by the defendants. In both of those cases, the publication was limited to a particular body responsible for overseeing complaints about alleged improper business or professional conduct. Under such circumstances, the public interest in fostering the filing of such complaints outweighs the competing interest of compensating someone whose reputation has been injured by the filing of unwarranted charges. While the Ripoff Report may claim to serve the same function, damaging statements made on its website are accessible to anyone with internet access. The impunity to broadcast unfounded allegations on such a public forum does not outweigh the harm such allegations may cause.

Certainly Patton and Techworld could have complained about Stavropoulos and 5C to the Better Business Bureau or an another administrative agency that regulates improper business conduct. Instead, they chose to openly air their ire on the Ripoff Report website. Having done so, they cannot claim that their statements are as privileged as they would have been had they chosen a course of conduct other than the one they decided to pursue.

**IT IS THEREFORE ORDERED** that the defendant's Motion to Dismiss Complaint (ECF No. 9) is **denied**.

Dated at Milwaukee, Wisconsin this 4th day of November, 2015.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge